## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **EVONNE BAILEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-08-1024-M** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Evonne Bailey ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405 (g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's applications for disability insurance benefits and supplemental security income payments under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of the pleadings, the record ("Tr.") and the parties' briefs, the undersigned recommends that the Commissioner's decision be affirmed.

## Administrative Proceedings

Plaintiff initiated these proceedings by filing her applications seeking disability insurance benefits and supplemental security income payments in January, 2005 [Tr. 61- 63 and 237 - 240]. She alleged that she suffers from Sjogren's syndrome[1] which became

---

[1]According to information available on the National Institutes of Health website,

(continued...)

disabling as of April 24, 2004, as a result of her inability to lift her hands, popping bones, swollen and painful knees, legs and arms, and medication causing drowsiness [Tr. 67]. Plaintiff's claims were denied initially and upon reconsideration; at Plaintiff's request an Administrative Law Judge ("ALJ") conducted a March, 2007 hearing where Plaintiff, who was represented by counsel, and a vocational expert testified [Tr. 43 and 264 - 299].  In her January, 2008 decision,  the ALJ found that while Plaintiff was unable to perform her past relevant work, she retained the capacity to perform other generally available work and, accordingly, was not disabled within the meaning of the Social Security Act [Tr. 15 - 22]. The Appeals Council of the Social Security Administration declined Plaintiff's request for review [Tr. 5 - 8], and Plaintiff subsequently sought review of the Commissioner's final decision in this court.

---

[1](...continued)

Sjogren's syndrome is a disease that causes dryness in your mouth and eyes. It can also lead to dryness in other places that need moisture, such as your nose, throat and skin. Most people who get Sjogren's syndrome are older than 40. Nine of 10 are women. Sjogren's syndrome is sometimes linked to rheumatic problems such as rheumatoid arthritis.

Sjogren's syndrome is an autoimmune disease. If you have an autoimmune disease, your immune system, which is supposed to fight disease, mistakenly attacks parts of your own body. In Sjogren's syndrome, your immune system attacks the glands that make tears and saliva. It may also affect your joints, lungs, kidneys, blood vessels, digestive organs and nerves. The main symptoms are . . . [d]ry eyes [and d]ry mouth.

http://www.nlm.nih.gov/medlineplus/sjogrenssyndrome.html

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10ᵗʰ Cir. 2007) (citations and quotations omitted). Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is not superficial. "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen,* 851 F.2d 297, 299 (10ᵗʰ Cir. 1988) (citation omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* at 299.

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§§423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff  bears the initial burden of proving that she has one or more severe impairments.

3

20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then, if Plaintiff makes a prima facie showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

**Plaintiff's Claims of Error**

Plaintiff raises two claims of error: (1) that the ALJ failed to make a proper evaluation at step three of the sequential process and (2) that the ALJ erred at step two in finding that Plaintiff's "left and right hands did not have a severe impairment." [Doc. No. 17, p. 5].

**Analysis**

**Step Three**

After finding at step two of the sequential process that Plaintiff was severely impaired, in part, by Sjorgren syndrome [Tr. 17], the ALJ concluded at step three that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. . . ." *Id.* It is Plaintiff's contention with regard to this finding that "the ALJ failed to provide a citation to the listing that she considered and also failed to provide any evidence for her reasons in determining that the Claimant was not disabled at Step 3." [Doc. No. 17, p. 7]. Consequently, and relying on the Tenth Circuit's decision in *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (an ALJ's summary conclusion that claimant did not meet or equal a

listed impairment without discussing the evidence and identifying the relevant listing "is beyond meaningful judicial review"), Plaintiff maintains that the ALJ committed legal error at step three of the sequential process and that remand is mandated.

The Commissioner, on the other hand, argues that Plaintiff's citation of *Clifton* "overlooks the Tenth Circuit's clarification of their [*Clifton*] holding in *Fischer-Ross.*" [Doc. No. 19, p. 17]. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 734 (10th Cir. 2005) ("[W]here an ALJ provides detailed findings . . . that confirm rejection of the listings in a manner readily reviewable, requiring reversal would extend *Clifton* beyond its own rationale[;] [n]either *Clifton's* letter nor spirit require a remand for a more thorough discussion of the listings when confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review.").   In addition, the Commissioner contends that while Plaintiff argues "the ALJ should have evaluated her Sjogren's syndrome under listing 14.09, she does not offer any explanation of how her medical signs or laboratory findings support any criteria of that listing."[2] [Doc. No. 19, p. 18]. In replying to these arguments, Plaintiff does not dispute the applicability of the *Fischer-Ross* holding.  Instead, Plaintiff focuses on the Commissioner's challenge to her failure to identify the relevant subpart of listing 14.09, maintaining that subpart A is applicable, specifically the provision "regarding use of her hands." [Doc. No. 22, pp. 1 -3, at p. 2].

---

[2]The Commissioner does not dispute "that listing 14.09 is the proper listing for evaluating Sjorgren's syndrome." [Doc. No. 19, p. 18].  Rather, the Commissioner observes that listing 14.09 requires a claimant to meet or equal one of five subparts and that "Plaintiff does not indicate which subpart she believes her condition satisfies."  *Id.*

In order to meet or equal listing 14.09A, Plaintiff bears the burden of establishing that she suffers from documented inflammatory arthritis with a "[h]istory of joint pain, swelling, and tenderness, and signs on current physical examination of joint inflammation or deformity in two or more major joints resulting in inability to ambulate effectively or inability to perform fine and gross movements effectively, as defined in 14.00B6b and 1.00B2b and B2c." 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A, §14.09A. §100B2c – the only provision which Plaintiff argues is applicable [Doc. No. 22, pp. 1 - 2] – explains, in turn, what is meant "by inability to perform fine and gross movements effectively" as follows:

> Inability to perform fine and gross movements effectively means an extreme loss of function of both upper extremities; *i.e.,* an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. To use their upper extremities effectively, individuals must be capable of sustaining such functions as reaching, pushing, pulling, grasping, and fingering to be able to carry out activities of daily living. Therefore, examples of inability to perform fine and gross movements effectively include, but are not limited to, the inability to prepare a simple meal and feed oneself, the inability to take care of personal hygiene, the inability to sort and handle papers or files, and the inability to place files in a file cabinet at or above waist level.

20 C.F.R. Part 404, Subpart P, Appendix 1, Part A, §100B2c.  In her briefing, Plaintiff concedes her ability to prepare a simple meal, to feed herself, and to take care of her personal hygiene [Doc. No. 22, p. 2]. She maintains, however, that her "testimony coupled with the objective findings of Dr. Gonzalez would indicate that Claimant would have limited ability in sorting or handling papers or files and possibly the inability to place files in a filing cabinet." *Id.* at 3.

6

With regard to the objective findings by Dr. Gonzalez – Plaintiff's treating rheumatologist – Plaintiff states that "Dr. Gonzales noted wrist crepitus[3] on several office visits." *Id.* at 2, citing Tr. 151, 155, 204, 206, and 207.  Subjectively, Plaintiff relies upon her testimony that the swelling in her fingers, knuckles, and hands prevents her from combing her daughter's hair, that her hands become so swollen in the cold that she cannot move them, and that while she is able to hold a pencil to make out a grocery list, she has difficulty with gripping. *Id.*  In addition, she maintains that although she can fold towels for several minutes, she then needs to rest.  *Id.* at 3. Plaintiff concludes that all of this indicates her limited ability to handle papers/files and her possible inability to place files in a filing cabinet.  She notes that "[t]hese matters were not explored by the ALJ at the hearing . . . nor addressed in her decision," and argues that "[t]he absence of this evidence would indicate the ALJ did not consider whether [Plaintiff] met or equaled § 14.09." *Id.*

If Plaintiff is contending that the ALJ had a duty to develop the record with regard to Plaintiff's specific ability to handle files, the regulations do not support such a claim. § 1.00B2a provides that "[w]e will determine whether an individual . . . can perform fine and gross movements effectively based on the medical and other evidence in the case record, generally without developing additional evidence about the individual's ability to perform the specific activities listed as examples in . . . 1.00B2c." 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A, §100B2a. Thus, the only question for determination is whether "the

_____

[3]Crepitus is defined as "the grating of a joint, often in association with osteoarthritis." *Stedman's Medical Dictionary* 457 (28th ed. 2006).

ALJ's evaluation of the evidence and specific findings at steps four and five of the sequential process preclude any favorable ruling for Claimant at step three . . . ." *Fischer-Ross,* 431 F.3d at 733.

In her assessment of Plaintiff's residual functional capacity,[4] the ALJ found that Plaintiff's medical history revealed positive autoimmune disorder testing, severe athralgias and myalgias, diffuse tenosynovitis[5] affecting her wrist and ankles, and Sjogren's syndrome [Tr. 19]. The ALJ documented the improvement in Plaintiff's condition as reflected in the notes of Dr. Gonzalez, including the final note dated December 12, 2006 [Tr. 19 - 20 and 233 - 235]. On that date, while Plaintiff voiced complaints of pain in the joints of both hands [Tr. 233],[6] Dr. Gonzalez made no finding of any hand difficulties or limitations [Tr. 233 - 235]. The ALJ also considered the results of Plaintiff's consultative physical examination [Tr. 19] where the examining physician stated that "[t]o answer your specific question, patient is able to effectively point the thumb to the fingertips without any difficulty. She is able to manipulate small objects such as buttoning and unbuttoning clothes. She can effectively grasp tool such as hammer without any difficulty." [Tr. 138]. Based upon her review of the medical evidence and upon her assessment that Plaintiff's subjective claims were not entirely

---

[4]Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[5]Tenosynovitis is defined as "[i]nflammation of a tendon and its enveloping sheath." *Stedman's Medical Dictionary* 1946 (28th ed. 2006).

[6] Plaintiff's ability to use her hands is the sole focus of her appellate claim regarding listing 14.09A. *See* Doc. No. 22, pp. 1 - 3.

credible [Tr. 19] – an assessment which has not been challenged on appeal – that ALJ concluded that Plaintiff had the RFC to perform a limited range of sedentary work with no restrictions on the use of her hands [Tr. 17].

Here, as in *Fischer-Ross,* "[t]he ALJ's findings do not approach the level of severity required to render Claimant presumptively disabled under § [14.09A]." *Fischer-Ross,* 431 F.3d at 734-35.  In the absence of medical support, the ALJ did not credit Plaintiff's claim that she was unable "to perform fine and gross movements effectively,  as defined in 1.00 . . . B2c."  20 C.F.R. Part 404, Subpart P, Appendix 1, Part A, §14.09A.  "[T]he ALJ's RFC findings . . . conclusively negate the possibility of any finding that Claimant is presumptively disabled under the pertinent listing," *id.* at 735, and "any deficiency in the ALJ's articulation of [her] reasoning to support [her] step three determination is harmless." *Id*

### Step Two

As her second appellate claim, Plaintiff maintains that the ALJ erred at step two of the sequential process by finding that Plaintiff did not suffer from a severe impairment in either her left or right hand [Tr. 17].   Where, as here, the ALJ proceeds to step four and a determination of Plaintiff's RFC, the error – if any – at step two is harmless.  *See Stokes v. Astrue,* 274 Fed. Appx. 675, 679 (10th Cir. Apr. 18, 2008) (unpublished op.).  The question for determination, rather, is whether the ALJ properly considered the limiting effects of all of Plaintiff's impairments – including any non-severe hand limitations – through the remainder of the determination process.  20 C.F.R §§ 404.1545(e), 416.945(e).

9

Plaintiff maintains that her treating physician's notations of wrist crepitus, mild finger joint stiffness, and decreased grip strength, citing Tr. 151, 152, 153, 155, 204, 206, and 207, along with her own subjective testimony,[7] "would support a finding that the Claimant's hands and wrists would impact the Claimant's ability to work with her hands . . . [and that t]his impairment would prevent the Claimant from performing sedentary work as defined by the ALJ." [Doc. No 22, p. 4].  Sedentary work, however, "involves lifting no more than 10 pounds[8] at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."  20 C.F.R. §§ 404.1567(a), 416.967(a).  Plaintiff has not directed the court to any evidence from any medical source indicating that Plaintiff is restricted in any manner from performing these occasional functions.  On the other hand, the medical evidence relied upon by the ALJ in assessing Plaintiff's capacity to perform sedentary work reflects Plaintiff's ability to effectively point her thumbs to her fingertips without any difficulty, to manipulate small objects, and to grasp a tool such as a hammer, again, without any difficulty [Tr. 19, 138, and 141].  Moreover, the ALJ also considered [Tr. 20] the opinion of the State agency medical consultant that Plaintiff could perform a full range of light work and, thus, that she had no manipulative limitations [Tr. 146].[9]

---

[7]Once again, Plaintiff relies on her subjective testimony despite the fact that the ALJ found that testimony to be less than credible, an assessment that is unchallenged through this appeal [Tr. 19].

[8]Plaintiff testified to having this ability [Tr. 19 and 292].

[9]Social Security regulations provide that

(continued...)

The ALJ did not commit reversible error by failing to assess Plaintiff's hand impairments as severe at step two so long as she considered the limiting effects from any such impairment in assessing Plaintiff's RFC. *Stokes,* 274 Fed. Appx. at 679. With regard to that assessment, substantial evidence supports the ALJ's conclusion that Plaintiff's RFC for sedentary work was not further limited by a hand impairment.

## <u>RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT</u>

For the foregoing reasons, the undersigned recommends that the Commissioner's decision be affirmed. The parties are advised of their right to object to this Report and Recommendation by June 25, 2009, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

[9](...continued)

Administrative law judges are not bound by any findings made by State agency medical or psychological consultants, or other program physicians or psychologists. However, State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation. Therefore, administrative law judges *must* consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence . . . .

20 C.F.R. §§ 404.1527(f)(2)(i) and (f)(2)(ii), 416.927(f)(2)(i) and (f)(2)(ii) (emphasis added).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 5th day of June, 2009.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE